ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
 I. INTRODUCTION
This matter comes before the court on the Motion for Summary Judgment of Defendant Department of Revenue (the department) and the response of Plaintiffs Christopher and Kristen Zervis (taxpayers). The main issue on appeal is whether taxpayers may appeal the 2005-06 tax assessment of the property in question — a time during which taxpayers were not the owners of the property — in May of 2008. This court finds that taxpayers may not appeal the 2005-06 tax assessment, and grants the Motion for Summary Judgment of the department.
 II. FACTS
The following facts are not in dispute. Taxpayers purchased real property, identified in the records of the department as account R193143 (the property), on February 16, 2007, for $885,000. (Ptfs' Compl, County Record Card, Sales History Section.) There is no indication in the record that taxpayers or any prior owner made any appeal to the Board of Property Tax Appeals (BOPTA).[1] *Page 2 
On May 14, 2008, taxpayers filed their Complaint with the Magistrate Division of this court, challenging the "exception value" of $473,130 added to the tax roll for the property in the 2005-06 tax year as "incorrect and added to the tax roll in [the] wrong year." (Ptfs' Compl (Mag Div) at 1.) The exception value of $473,130 increased the maximum assessed value (MAV) and thus assessed value (AV) of the property from $187,480 to $484,070.[2] (Def's Mot for Summ J, Decl of Douglas M. Adair, Ex A at 4.)
During the 2005-06 tax year, Dean Mullin owned the property in question. (See Ptfs' Compl, Residential Permits; Ptfs' Resp to Def's Mot for Summ J, Decl of Christopher M. Zervis.) On September 18, 2008, taxpayers filed by letter a document entitled "Assignment of Rights," dated May 23, 2008, which bore the signature of Mullin. (Def's Mot for Summ J, Decl of Douglas M. Adair, Ex A at 12.) The document stated that Mullin "completely assign[ed] any and all rights [Mullin] would have to a property tax appeal for tax years 2004-06, including rights to any possible refund, to [taxpayers.]" (Id.) Taxpayers provided no evidence that Mullin filed any appeal to BOPTA or to the Tax Court. There were two additional owners of the property after Mullin, the first purchasing the property September 26, 2005, and the second purchasing the property October 6, 2006. (Ptfs' Compl, County Record Card, Sales History Section.) Taxpayers provided no evidence that either subsequent owner filed any appeal to *Page 3 
BOPTA prior to the due date of November 15, 2005, or to the Tax Court. (See Def's Mot for Summ J, Decl of Douglas M. Adair, Ex A at 4 (due date of the property tax assessment was November 15, 2005.)
The Magistrate Division Defendant, Multnomah County Assessor, moved to dismiss the appeal of taxpayers, and the Magistrate Division granted that motion. Zervis v. Multnomah County Assessor, TC-MD No 080613B, WL 4447689 at *2 (Oct 3, 2008). Taxpayers now appeal to the Regular Division, requesting as relief that "the exception value be placed in the 2006 tax year." (Ptfs' Compl.) In their response to the motion for summary judgment by the department, taxpayers assert that they are "not arguing the amount of the exception nor the valuation[,] but the fact that the exception value should have been added to the 2006 tax year [and] not the 2005 tax year."[3] (Ptfs' Resp to Def's Mot for Summ J at 1.)
 III. ISSUE
May taxpayers appeal the 2005-06 tax assessment of their property?
 IV. ANALYSIS
The department argues that taxpayers lack standing to appeal to the court. (Def's Mot for Summ J at 1.) Under the Oregon Revised Statutes, there are two routes a taxpayer may pursue to appeal to the court. The first route is under ORS 305.275 and the second route is under ORS305.288.[4], [5] The court addresses each route individually. *Page 4 
A. The First Route: ORS 305.275.
The primary route of appeal to the court is under ORS 305.275. "Under ORS 305.275, for the court to have jurisdiction over a taxpayer's claim, a taxpayer must be `aggrieved by and affected by an act, omission or determination' of the department, BOPTA, the county assessor, or a tax collector." Paris v. Dept. of Rev., ___ OTR ___, WL 4801342 at *1 (Nov 5, 2008) (discussing ORS 305.275). ORS 305.275(1)(b) states that "[t]he act, omission, order or determination must affect the property of the person making the appeal or property for which the person making theappeal holds an interest that obligates the person to pay taxes imposed onthe property." (Emphasis added). In the instant case, taxpayers were not the owners of the property until February 16, 2007. (Ptfs' Compl, County Record Card, Sales History Section.) Taxpayers provided no evidence that they held an interest that "obligated" them to pay taxes on the property for the 2005-06 tax assessment. The only document provided — the "Assignment of Rights" from the prior owner of the property during the 2005-06 tax year — indicates the right of taxpayers to collect a refundon taxes, but not an obligation to pay taxes imposed during the 2005-06 tax year. (See Def's Mot for Summ J, Decl of Douglas M. Adair, Ex A at 12.) Taxpayers may not come to this court pursuant to ORS 305.275.
Taxpayers also missed the timeframe for filing an appeal under ORS305.275(1). ORS 305.280(1) provides the timeframe for filing an appeal under ORS 305.275(1), and that period is "90 days after the act, omission, order or determination becomes actually known to the person, but in no event later than one year after the act or omission has occurred, or the order or *Page 5 
determination has been made." Taxpayers did not file this appeal until May 14, 2008, over two years after the 2005-06 tax assessment occurred.[6]
B. The Second Route: Exceptions Under ORS 305.288
ORS 305.288 provides two additional routes to relief: a taxpayer may allege an error of at least twenty percent in the value of a residential dwelling (the twenty percent error exception), or a taxpayer may, if that taxpayer has no other statutory right of appeal remaining, provide a "good and sufficient cause," determined by the court, for the failure to pursue the statutory right of appeal (the good and sufficient cause exception).[7] If a taxpayer meets the requirements of either exception, the Tax Court may order a change or correction to an assessment or the tax roll. Both exceptions allow the Tax Court to make changes for "the current tax year and for either of the two tax years immediately preceding the current tax year." ORS 305.288(1), (3).[8]
The twenty percent error exception does not apply to taxpayers by their own admission. In their response to the Motion for Summary Judgment of the department, taxpayers state that they are "not arguing the amount of the exception nor the valuation" and that the department "continues to bring up valuation issues which [taxpayers are] not arguing." (Ptfs' Resp to Def's *Page 6 
Mot for Summ J at 1, 3.) The argument of taxpayers, in their own words, is that "[t]he exception value was added to the wrong year" and "[t]hat's it[.]" (See id. at 3.)
The court looks at whether taxpayers fall into the good and sufficient cause exception next. For purposes of ORS 305.288(3), the definition of "good and sufficient cause" is set out in ORS 305.288(5):
 "(b) `Good and sufficient cause':
 "(A) Means an extraordinary circumstance that is beyond the control of the taxpayer or the taxpayer's agent or representative, and that causes the taxpayer, agent, or representative to fail to pursue the statutory right of appeal; and
 "(B) Does not include inadvertence, oversight, lack of knowledge, hardship or reliance on misleading information provided by any person except an authorized tax official providing the relevant misleading information."
When the appealing taxpayer is not the owner of the property for the tax year at issue, the question arises as to who had good and sufficient cause for failing to pursue the statutory right of appeal. Applied to a taxpayer who did not own the property during the tax year for which the taxpayer appeals, the focus of the court is not on why that taxpayer, the current owner, failed to appeal the prior year. Rather, the focus of the court shifts to why the prior owner of the property failed to appeal the prior year. The logic of that conclusion is that in most cases, only the prior owner could have appealed the tax assessment. See ORS 305.288(3), (5). What determines who appeals is typically who owned the property when the tax bill came out or when other action was taken. Here, either prior owner of the property in 2005 and 2006 could have appealed the property assessment for the 2005-06 tax year. See ORS 305.275(1), (3); ORS 309.100. In order to appeal the 2005-06 tax assessment for which a prior owner or prior owners failed to pursue the statutory right of appeal, taxpayers must demonstrate why that prior owner or those prior owners met the good and sufficient cause exception. *Page 7 
Taxpayers presented no evidence as to why either prior owner failed to pursue their statutory right of appeal. To avoid summary judgment, taxpayers were required to raise, through submission of evidence under TCR 47, a question of fact as to the existence of good and sufficient cause for the failure of their predecessors to act. This they did not do.
C. The Clerical Error Argument by Taxpayers and ORS 311.205
Taxpayers assert that the right of the county to look back five years for a clerical error under ORS 311.205 should be a right afforded to taxpayers. (Ptfs' Resp to Def's Mot for Summ J at 4.) Taxpayers cite no authority for such an assertion. ORS 311.205(2)(a), the subsection of the statute that includes the five-year look-back timeframe, is for use by the officer in charge of the tax roll based on directives from the department or the assessor and not a basis for relief to taxpayers. Taxpayers are not entitled to relief on appeal to the Tax Court under ORS311.205.
 V. CONCLUSION
The court concludes that taxpayers had no statutory basis for appeal of the 2005-06 tax assessment of the property. Taxpayers may not appeal to the court under ORS 305.275, and their appeal does not meet the requirements of either exception under ORS 305.288.
Now, therefore,
IT IS ORDERED that Defendant's Motion for Summary Judgment is granted. Costs to neither party.
Dated this ___ day of January, 2010.
THIS DOCUMENT WAS SIGNED BY JUDGE HENRY C. BREITHAUPT ON JANUARY 13,2010, AND FILED THE SAME DAY. THIS IS A PUBLISHED DOCUMENT.
[1] Some confusion occurred in briefing and oral argument as to whether taxpayers made an appeal to BOPTA for a tax year later than the 2005-06 tax year at issue. In the response of taxpayers to the Motion for Summary Judgment by the department, taxpayers argued, at first, that taxpayers "didn't appeal to BOPTA." (Ptfs' Resp to Def's Mot for Summ J at 4.) However, taxpayers argued, closely after the above statement, that when taxpayers discovered the "error," they then "made an appeal to [BOPTA], however [they] realized that [BOPTA did] not have authority to correct the error in question," and then they appealed to the Tax Court. Id.
Taxpayers did not produce any order or determination of BOPTA to the court. In oral argument, taxpayer Christopher Zervis stated that taxpayers did appeal to BOPTA in the fall of 2007, but that the appeal concerned the real market value (RMV) of the 2007-08 tax assessment and was "irrelevant" to the argument before the court. The court is only addressing the 2005-06 tax year and not any other year.
[2] MAV generally increases no more than three percent per year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(2). However, under Oregon Revised Statute (ORS) 308.146(3), if improvements are made to the property, the MAV may increase by more than three percent. The new MAV shall then be calculated by adding together a) the MAV of the property prior to improvement, and b) the product of the RMV of the new improvements multiplied by the ratio "of the average maximum assessed value over the average real market value for the assessment year." See
ORS 308.146(3); ORS 308.153. The addition for such new property is sometimes known as the "exception value."
All references to the ORS are to the 2005 edition.
[3] At oral argument, taxpayer Christopher Zervis stated that he did not question the valuation of the property in the appeal to the Regular Division and that he did have an "issue" with valuation. Later, he mentioned that he should have challenged the valuation because he did not agree with it. Taxpayers did not submit any evidence to challenge valuation as required under Tax Court Rule (TCR) 47.
[4] The description of two routes to the courts is not to imply that a taxpayer may appeal under ORS 305.275 without beginning, if required, with an appeal to BOPTA. Under ORS 305.275(3), an appeal under ORS 305.275
is not permitted if the taxpayer may begin the appeal to BOPTA under ORS309.100. The only appeal to the court permitted under ORS 305.275 in circumstances where a taxpayer may begin the appeal to BOPTA is one from an order of BOPTA. See ORS 305.275(3). Here, taxpayers did not provide any evidence that this appeal began as one to BOPTA, and the court will not address whether taxpayers should have begun with BOPTA. See note 1.
[5] A taxpayer with standing under ORS 305.275, upon appealing to the Regular Division, meets a second, similar standing requirement under ORS305.570. As the challenge by the department is to the standing of taxpayers to generally reach the court, the focus of the analysis of this court is on ORS 305.275.
[6] The exact date of receipt of the 2005-06 tax assessment is not in the record before the court, but taxpayers did not provide any evidence that would call into question the timely receipt of the assessment by the prior owner of the property. Under ORS 311.250(1), tax assessments of property that are payable on the following November 15 are delivered or mailed on or before October 25 of the subject year. Applying the provisions of ORS 311.250(1), the 2005-06 tax assessment on the property of taxpayers would, in due course, have been received by the prior owner in late 2005.
[7] It appears that the good and sufficient cause exception may go beyond an appeal of valuation. ORS 305.288(3) relief is not limited to a specific category of appeal.
[8] Taxpayers filed their appeal in the 2007-08 tax year and would, if their appeal fell under one of the exceptions under ORS 305.288, be able to reach the 2005-06 tax year, two years back. See ORS 305.288(5)(a); ORS308.007(1)(c) (definition of "tax year"); ORS 306.115(5) (definition of "current tax year"). The department initially argued that the time to go two years back should begin when taxpayers provided the "Assignment of Rights" document on September 18, 2008, thus making the appeal outside the reach of ORS 305.288. (Def's Mot for Summ J at 5.) During oral argument, discussing the same point, the department conceded that taxpayers would be able to reach the 2005-06 tax year.